**UNITED STATES of America,
Appellee,**

v.

**Omar Miranda OLEA, Defendant–
Appellant.**

No. 06–4570–cr.

United States Court of Appeals,
Second Circuit.

June 28, 2007.

Demetri Jones, Assistant U.S Attorney (Peter A. Norling, on the brief), for Roslynn R. Mauskopf, U.S. Attorney, Eastern District of New York, for Appellee.

Steven M. Statsinger, Federal Defenders of New York, Inc. Appeals Bureau, New York, NY, for Defendant–Appellant.

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, and Hon. JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

The defendant-appellant Omar Miranda Olea appeals his sentence of thirty-three months following a final judgment of conviction, rendered on August 11, 2006 in the United States District Court for the Eastern District of New York (Spatt, J.), for transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

We review the district court's findings of fact for clear error and issues of law de novo. *United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir.2005). The district court's calculation of the applicable guidelines range was based on the application of two sentencing enhancements: (a) a nine-level upward adjustment for transporting 100 or more aliens pursuant to U.S.S.G. § 2L1.1(b)(2); and (b) a two-level upward adjustment under U.S.S.G. § 2L1.1(b)(6) for "recklessly creating a substantial risk of death of serious bodily injury to another person." The district court's application of these enhancements were based, at least in part, on two clearly erroneous factual findings.

First, the record does not support a finding that Olea transported 100 aliens. While Olea's admissions might support a finding that he transported aliens on nine previous occasions, carrying ten aliens

by designation.

each trip, *see United States v. Shonubi*, 998 F.2d 84, 89 (2d Cir.1993) (noting that defendant admissions can constitute "specific evidence" sufficient to establish eligibility for a sentencing enhancement), the record does not contain sufficient evidence to conclude that Olea transported more than eight aliens on the trip for which he was arrested. The record reflects that immediately prior to Olea's arrest there were at most six alien passengers in his truck. Contrary to the position pressed by the government at oral argument, Olea's admission that he had dropped "at least one man off in Minnesota and another in Detroit" is not sufficient to support a finding that more than one passenger had been dropped off at either location. Nor is any of the testimony of Special Agent Dennis Davey sufficient to establish that ten aliens were transported on the final trip. The record, therefore, only supports a finding that Olea transported, at most, ninety-eight aliens—ninety on the previous trips and eight on the trip for which he was arrested. Accordingly, 16 the district court erred in applying the nine-level enhancement under U.S.S.G. § 2L1.1(b)(2) for the transport of 100 or more aliens. *See United States v. Sovie*, 122 F.3d 122, 129 (2d Cir.1997) (vacating the district court's imposition of a sentencing enhancement when the evidence relied on to apply the enhancement was insufficient as a matter of law). Olea was, thus, subject to no more than the six-level enhancement for the transportation of twenty-five to ninety-nine aliens.

■ Second, the district court's finding that Olea was carrying more passengers than the rated capacity of the truck was also clearly erroneous. The record contains no evidence of the rated capacity of the vehicle.

■ The district court's errors were not harmless. In an order dated June 18, 2007, we asked the district court, utilizing a *Jacobson* remand, *see United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), what sentence it would have given if it had found that (a) Olea transported between twenty-five and ninety-nine aliens; and (b) there was insufficient evidence to find that the truck involved was not rated to carry the number of people transported. In an order issued on June 20, 2007, the district court promptly responded that it would have sentenced Olea to eighteen months— fourteen months less than Olea's current thirty-three month sentence.

Accordingly, we remand the case to the district court for resentencing. In doing so, we note that we take no position on whether the record would support the imposition of the two-point enhancement for reckless endangerment under U.S.S.G. § 2L1.1(b)(6), without a finding that the number of passengers exceeded the rated capacity of the vehicle.

The sentence of the district court is VACATED and the matter REMANDED to the district court for resentencing consistent with this order. Because Olea's term of incarceration has already nearly reached eighteen months, the mandate shall issue forthwith.